UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ OCT 08 2008 ★

OMRI PERETZ,

　　　　　　　　　　　Plaintiff,

-against-

THE HOME DEPOT INC., NORTHERN
TOOL & EQUIPMENT CO., EMERSON
ELECTRIC CO. d/b/a RIDGID,

　　　　　　　　　　　Defendants.

PETITION FOR REMOVAL

CV 08-4106
Civil Action No.

COGAN, J.
POHORELSKY, M.

TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK:

　　1.　　THE HOME DEPOT INC. and EMERSON ELECTRIC CO. are defendants in the litigation filed on or about September 8, 2008 in the Supreme Court of the State of New York, County of Kings, entitled "*Omri Peretz, plaintiff, against The Home Depot Inc., Northern Tool & Equipment Co., Emerson Electric Co. d/b/a Ridgid*", which bears Index number 25491/08. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, THE HOME DEPOT, INC., and EMERSON ELECTRIC CO. hereby remove this matter to the United States District Court for the Eastern District of New York, which is the judicial district in which the matter is pending.

　　2.　　The grounds for removal of this action are diversity of citizenship jurisdiction. Removal of this action from the Supreme Court of New York State, County of Kings to the United States District Court for the Eastern District of New York is, therefore, proper under Section 1441 (a) of Title 28 of the United States Code because this court would have had original

2141699.1

jurisdiction of the matter on the basis of diversity of citizenship pursuant to Section 1332 of Title 28, had the action originally been brought in this court.

3. Original jurisdiction on the basis of diversity of citizenship exists because:

   a. Upon information and belief, the plaintiff is an individual that is a citizen of the State of New York;

   b. Defendants, THE HOME DEPOT INC. is a corporation organized and incorporated under the laws of the State of Delaware, having its principal place of business in Atlanta, Georgia;

   c. Defendant, EMERSON ELECTRIC CO. is a corporation organized and incorporated under the laws of the State of Missouri, having its principal place of business in St. Louis, Missouri;

   d. Defendant, NORTHERN TOOL & EQUIPMENT CO., is a foreign non-New York corporation, the specific state of incorporation unknown at present, having its principal place of business in Burnsville, Minnesota.

   e. Upon information and belief, plaintiff seeks an amount in damages that exceeds $75,000, exclusive of interest and costs, in this action.

4. Removal of this action is also proper under Section 1441 (b) of Title 28 of the United States Code because, as specified above, no party properly joined in this action as a defendant is a citizen of the State of New York.

5. This Petition for Removal is timely under Section 1446(b) of Title 28 of the United States Code as the Summons and Complaint in this matter was served on EMERSON ELECTRIC CO. on or about September 18, 2008 and upon HOME DEPOT, INC. via its agent on or about September 22, 2008. The date of service upon NORTHERN TOOL &

EQUIPMENT CO. is unknown. Therefore, this Petition for Removal is being filed within 30 days after the receipt of the Summons and Complaint by EMERSON ELECTRIC CO. and HOME DEPOT, INC.

6. All state-court papers served by the plaintiff on the defendants at the time of removal, consisting solely of the Summons and Complaint, are attached as Exhibit A. No state-court papers have been served by the defendants on the plaintiff at the time of removal.

7. As evident in Exhibit B, Defendant, Northern Tool & Equipment, has consented to this removal. The original of this document will be filed with this court immediately upon receipt.

8. **WHEREFORE**, EMERSON ELECTRIC CO. and HOME DEPOT, INC. pray that the matter now pending against them in the Supreme Court of the State of New York, County of Kings, be removed to this Court.

Dated:   White Plains, New York
         October 7, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
ROSARIO M. VIGNALI (RMV7150)
3 Gannett Drive
White Plains, New York 10604
Telephone: (914) 323-7000
Facsimile: (914) 323-7001
File No.: 10377.00004

ATTORNEYS FOR DEFENDANTS,
**THE HOME DEPOT, INC., and
EMERSON ELECTRIC CO.**

2141699.1

TO: **MICHAEL N. DAVID, ESQ.**
Attorneys for Plaintiff
82 Wall Street
New York, NY 10005
(212) 363-1997

**NORTHERN TOOL & EQUIPMENT**
2800 Southcross Drive West
Burnsville, MN 55306

2141699.1

## CERTIFICATION

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )

**ROSARIO M. VIGNALI**, being duly sworn according to law, deposes and says:

I am a member of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for EMERSON ELECTRIC CO., and HOME DEPOT, INC., the within named defendants. I have read the foregoing Petition for Removal, and certify that the statements contained therein are true in substance and to my knowledge, information and belief, based on information in my file and based upon conversation and communications had with the defendants, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

This certification is made by me and not by the defendants because defendants do not reside within the county where I maintain my office.

_____
Rosario M. Vignali

Sworn to me this
7 day of Oct. 2008

_____
Notary Public

EUGENIA N. CARLISLE
NOTARY PUBLIC, State of New York
No. 01CA6014884
Qualified in Ulster County
Commission Expires October 19, 20 10

2142118.1

Case 1:08-cv-04106-BMC   Document 1   Filed 10/08/08   Page 6 of 16 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 25419/08
Filing Date: 9/9/08

----------------------------------------X
OMRI PERETZ,

                         Plaintiff,

      -against-

THE HOME DEPOT INC., NORTHERN TOOL
+ EQUIPMENT CO., EMERSON ELECTRIC
CO. d/b/a RIDGID

                        Defendants.
----------------------------------------X

Plaintiff designates
Kings County as the
place of trial

The basis of venue is
defendant's residence

SUMMONS
Plaintiff resides at

To the above named Defendant(s)

        You are hereby summoned to answer the complaint in this action and serve a copy of your answer, or, if the complaint is not served with this summons, to serve a written notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:   September 8, 2008

Defendant's Address:
**THE HOME DEPOT Inc.**

                        Michael N. David
                        Attorney for Plaintiff
                        82 Wall Street
                        New York, NY 10005
                        (212) 363-1997

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
OMRI PERETZ,

                       Plaintiff,       Index #
                                        VERIFIED COMPLAINT

    -against-

THE HOME DEPOT INC., NORTHERN TOOL
+ EQUIPMENT CO., EMERSON ELECTRIC
CO. d/b/a RIDGID

                       Defendants.
----------------------------------------X

       Plaintiff, by Michael N. David, his attorney, complaining of the defendants herein, alleges and respectfully shows to this Court, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

       1. That at all times hereinafter mentioned, the defendants, were and still are residents of the County of Kings and State of New York.

       2. That upon information and belief, the defendant, THE HOME DEPOT INC., at all times hereinafter set forth, was and still is a domestic corporation duly licensed to do business in the State of New York.

       3. That upon information and belief, the defendant, NORTHERN TOOL + EQUIPMENT CO., at all times hereinafter set forth, was and still is a foreign corporation duly licensed to do business in the State of New York.

       4. That upon information and belief, the defendant, EMERSON ELECTRIC CO. d/b/a RIDGID, at all times hereinafter set forth, was and still is a foreign corporation duly licensed to do business in the State of New York.

       5. That at all times hereinafter mentioned, the defendants, designed and/or distributed and/or manufactured

a Ridgid twist handle 7" angle grinder and 7" Norton blade, which they sold to the public.

6. That on or about July 20, 2008, at or about 5:00 p.m., while the plaintiff was lawfully and rightfully operating the aforesaid grinder and blade, the blade flew off the grinder striking plaintiff and causing the plaintiff to sustain severe and personal injuries.

7. That the aforesaid accident occurred solely through the fault, carelessness, recklessness and negligence of the defendants, their agents, servants and/or employees, without any fault or contributory negligence on the part of the plaintiffs herein.

8. The defendants were negligent in the design, distribution, manufacture, ownership, maintenance and control of the aforesaid grinder and blade.

9. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

10. That as a result of the negligence of the defendants as aforesaid, the plaintiff, OMRI PERETZ, was caused to sustain great bodily injuries with accompanying pain, was rendered sick, sore, lame and disabled and some of the injuries may be permanent; suffered loss of enjoyment of life; was and may be prevented from attending his usual vocation; and was and may be compelled to expend monies and incur obligations for medical aid and attention in an endeavor to cure himself of his injuries.

11. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

12. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked "1 to 10" inclusive, with the same force and effect as if fully set forth herein.

13. That the defendants were negligent in the manufacture, design, testing, maintenance and distribution of the aforesaid grinder and blade.

14. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which

exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

15. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked "1 to 13" inclusive, with the same force and effect as if fully set forth herein.

16. That on or about July 20, 2008, the aforesaid grinder and blade were being used in a foreseeable manner and for the purpose and in the manner normally intended.

17. That the said occurrence was caused by no fault, want or lack or care on the part of the plaintiff but was caused by reason of the strict liability or breach of implied warranty of the defendant in failing to properly design, test, manufacture and distribute such aforesaid grinder and blade and for it to be and to remain in a dangerous, broken and defective condition.

18. That by the use and exercise of reasonable care, the user would not have discovered the defect and perceived the danger in the aforesaid grinder and blade.

19. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

20. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked "1 to 18" inclusive, with the same force and effect as if fully set forth herein.

21. That the defendant represented and warranted that the grinder and blade were safe and could be used for the purpose and in the manner normally intended.

22. That the aforesaid grinder and blade were not safe at the time of sale or thereafter; and that the warranties and representations were false, in that the aforesaid grinder and blade were dangerous and defective.

23. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which

exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiffs, demands judgment against the defendants in an amount to be determined upon trial of this action; together with interest from July 20, 2008, and with the costs and disbursements of the action.

Yours etc.,

**MICHAEL N. DAVID**
**Attorney for Plaintiff**
**82 Wall Street**
**New York, NY 10005**
**(212) 363-1997**

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, affirm that the following statements are true, under the penalties of perjury.

I am the attorney of record for the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by the plaintiff is that she does not reside in the county wherein deponent maintains his office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: records in deponent's possession as well as conversation with plaintiff.

Dated:   New York, New York
         September 8, 2008

------------------
Michael N. David

Index No.                    Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

OMRI PERETZ

                Plaintiffs,

    -against-

THE HOME DEPOT INC., NORTHERN TOOL
+ EQUIPMENT CO., EMERSON ELECTRIC
            CO. d/b/a RIDGID

                Defendants.

---

SUMMONS and VERIFIED COMPLAINT

---

MICHAEL N. DAVID
Attorney for Plaintiff
Office and Post Office Address, Telephone
82 Wall Street
New York, NY 10005
212-363-1997



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OMRI PERETZ,

                Plaintiff,

-against-

THE HOME DEPOT INC., NORTHERN
TOOL & EQUIPMENT CO., EMERSON
ELECTRIC CO. d/b/a RIDGID,

                Defendants.

**AFFIDAVIT**

Civil Action No. _____

**James M. Fowler, Esq.**, being duly sworn, and aware of the penalties of perjury, states as follows:

1. I am an attorney duly admitted to practice law in the State of California. I was admitted to the California State Bar in 1992, and am admitted to practice law before the United States District Court for the Central District of California. I am a principal in the Fowler Law Group, which maintains offices at 10635 Santa Monica Boulevard, Los Angeles, California.

2. I am national coordinating counsel for Northern Tool & Equipment Company and, as such, I am authorized to make this affidavit.

3. Northern Tool & Equipment Company hereby consents to the removal of the matter entitled "*Omri Peretz, plaintiff, against The Home Depot Inc., Northern Tool & Equipment Co., Emerson Electric Co. d/b/a Ridgid*", which bears Index number 25491/08, from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.

2141953.1

4.   Northern Tool & Equipment otherwise makes no admissions or denials at this time to any and all of the allegations contained in the plaintiff's complaint in the above-referenced matter and hereby reserves its rights with respect thereof.

Dated:   Los Angeles, California
         October 7, 2008

                                        Respectfully submitted,

                                        By: /s/ James M. Fowler
                                        JAMES M. FOWLER, ESQ
                                        FOLWER LAW GROUP
                                        10635 Santa Monica Boulevard
                                        Suite 305
                                        Los Angeles, California 90025
                                        Telephone: (310) 446-3900

_____See attached_____
    Notary Public

2141953.1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Los Angeles__

On __10/7/08__ before me, __Lilian Pudjowibowo, Notary Public__
      Date                                    Here Insert Name and Title of the Officer

personally appeared __JAMES M. FOWLER__
                        Name(s) of Signer(s)

[Notary Seal: LILIAN PUDJOWIBOWO, Commission # 1547061, Notary Public - California, Los Angeles County, My Comm. Expires Jan 23, 200_]

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
              Signature of Notary Public

Place Notary Seal Above

--- **OPTIONAL** ---

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: __Affidavit__

Document Date: __10/7/08__                    Number of Pages: __2__

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER — Top of thumb here]

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER — Top of thumb here]

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827